IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-23373-KMM

GEMA GARCIA,

      Plaintiff,

vs.

CARNIVAL CORP.,

      Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (ECF No. 13). Plaintiff filed a Response (ECF No. 26) and Defendant filed a Reply (ECF No. 29). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This is a personal injury action that arises out of injuries Plaintiff Gema Garcia allegedly sustained while a passenger aboard the Destiny cruise liner. Defendant Carnival Corporation is a corporation incorporated under the laws of Panama with its principal place of business in Florida, and is the owner and operator of the Destiny.

On September 17, 2010, Garcia had a "disagreement" with a bartender in the casino located onboard the Destiny. As a result of this disagreement, Garcia alleges that she was approached by seven of Defendant's crew members. When several of the crew members "grabbed" her, Garcia alleges that she had a panic attack, which made it difficult for her to breath and caused her chest pains. Garcia further alleges that the crew members kicked and punched

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1). All facts are construed in a light most favorable to Plaintiff.

1

her, threw her to the ground multiple times, handcuffed her in a "harmful manner," dragged her across the floor while she was handcuffed, and then confined her to her cabin by placing a crew member immediately outside of her cabin door and preventing her from otherwise leaving her cabin until the following day.  According to Garcia, crew members for Defendant destroyed a camera Garcia's travel companion had used to document the event.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).  On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. at 1950.  A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007).  However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. ANALYSIS

Garcia's Complaint alleges Negligence (Count I); Assault (Count II); Battery (Count III); False Imprisonment (Count IV); Negligent Infliction of Emotional Distress (Count V); and Intentional Infliction of Emotional Distress (Count VI).   Defendant only challenges the sufficiency of Counts I, IV, and VI.  This Court takes up an analysis of each Count Defendant challenges in turn.

### A. Negligence

Count I of Garcia's Complaint epitomizes a form of "shotgun" pleading.  See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 164 (11th Cir. 1997).  Garcia begins Count I by alleging that Defendant owed a duty to Garcia to provide her with "reasonable care under the circumstances."  Compl., at 4 (ECF No. 1).  Garcia then proceeds to allege at least twenty-one ways in which Defendant breached this duty.[2]

Though confusingly drafted, Count I of Garcia's Complaint alleges Defendant was negligent for essentially two reasons: (1) Defendant committed intentional torts against Garcia,[3] and (2) Defendant failed to prevent intentional torts against Garcia.

Defendant argues that intentional torts are not cognizable under a negligence theory of liability.  Florida courts recognize battery, assault, and false imprisonment as intentional torts. See Herzfeld v. Herzfeld, 781 So. 2d 1070, 1071 (Fla. 2001) (referring to assault, battery, and

---

[2] Many of the breaches alleged by Garcia are unnecessarily repetitive.  For example:

> Garcia was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows . . . b. Failure to prevent the assault and battery of Garcia . . . c. Failure to protect passengers, including Garcia, from assaults and/or batteries . . . d. Failure to provide adequate security aboard the Carnival Destiny as to prevent assaults, batteries and injury to passengers, including Garcia . . . m. Failure to prevent the use of excessive force on Garcia . . . n. Failure to prevent the assault and/or battery on Garcia

Compl., at 4–5.

[3] Such as when Garcia alleges Defendant was negligent due to "[u]se of excessive force on Garcia; and/or . . . Assault and/or battery on Garcia; and/or . . . False imprisonment of Garcia." Compl., at 5.

false imprisonment as "intentional torts"). While Garcia is correct to assert that the presence of intentional tortious activity may constitute evidence of negligence in select circumstances, it is improper to state a claim for negligence premised solely on the defendant's alleged commission of an intentional tort. As the Court in <u>City of Miami v. Sanders</u>, 72 So. 2d 46, 48 (Fla. 3d Dist. Ct. App. 1996) noted, "[I]t is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort."

Moreover, because the Defendant's employees are alleged to have committed the intentional torts at issue, as a common-carrier, Defendant is strictly liable. See <u>Doe v. Celebrity Cruises, Inc.</u>, 394 F.3d 891, 915–16 (11th Cir. 2004) ("Florida tort law imposes strict liability on cruise lines for crew member assaults on their passengers [and] that as to this issue Florida law is consistent with federal maritime tort law."). Consequently, Defendant cannot be found negligently liable for the commission of the same intentional tort for which Defendant is strictly liable. To hold otherwise in this instance would eviscerate any distinction between tort liability premised on negligence and tort liability premised on intentional tortious activity. Thus, Count I is improper to the extent that Count I attempts to state a negligence cause of action against Defendant for the commission of intentional torts, and is therefore dismissed with prejudice. Additionally, Count V of Plaintiff's Complaint similarly attempts to state a negligence cause of action against Defendant for the commission of intentional torts, and for the foregoing reasons is also dismissed with prejudice.

B. False Imprisonment

Count IV of Garcia's Complaint alleges Defendant falsely imprisoned her when crew members for Defendant confined her to her cabin by placing a crew member immediately outside of her cabin door and preventing her from otherwise leaving her cabin until the following day.

4

False imprisonment in Florida is defined as "'the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty.'" Johnson v. Barnes & Noble Booksellers, Inc., 437 F.3d 1112, 1116 (11th Cir. 2006) (quoting Escambia Cnty. Sch. Bd. v. Bragg, 680 So.2d 571, 572 (Fla. 1st Dist. Ct. App. 1996)). "In a false imprisonment action the plaintiff is required only to 'establish imprisonment contrary to his will and the unlawfulness of the detention.'" Id. (quoting Rivers v. Dillards Dep't Store, Inc., 698 So.2d 1328, 1331 (Fla. 1st Dist. Ct. App. 1997).

Defendant does not deny that Garcia was confined to her room on the night in question, but argues that Garcia fails to allege in her Complaint how the confinement was "unlawful." To supplement its argument, Defendant attaches to its Motion a copy of Defendant's ticket contract with all passengers, which provides in relevant part:

> Carnival and the Master each reserves the right to refuse passage, disembark or confine to a stateroom any Guest whose physical or mental condition, or behavior would be considered in the sole opinion of the Captain and/or the ship's physician to constitute a risk to the Guest's own well-being or that of any other Guest or crew member.

Def.'s Mot. to Dismiss, Ex. A., at 5 (ECF No. 13-1). Defendant thus argues—in addition to Garcia's failure to plead any facts supporting the allegation that her confinement was unlawful—that Garcia's panic attack made the confinement expressly lawful. Garcia disputes this Court's ability to consider Defendant's exhibit by arguing that it is outside of the "'four corners of the complaint.'"

Garcia is correct that a district court cannot generally consider extrinsic evidence at the motion to dismiss stage of the proceedings. See Speaker v. U.S. Dept. of Health and Human Services for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002)). There is, however, an exception. "'In ruling upon a motion to dismiss, the district court may consider an extrinsic

5

document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'"

Id. (quoting SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir.

2010)). Here, Garcia specifically references the ticket contract with Defendant in her Complaint.

Compl., at 2. More importantly, the contractual provision at issue is central to Garcia's claim of

False Imprisonment because it addresses the determinative issue of whether Defendant's

confinement of Garcia was "unlawful." Therefore, because Garcia has not disputed the

authenticity of the ticket contract, this Court considers the contract in its analysis of Garcia's

False Imprisonment claim.

A review of Garcia's Complaint reveals the following factual allegations in support of

her claim of False Imprisonment:

> 43. On or about the above referenced date, Defendant and/or its agents, servants, and/or employees intentionally and unlawfully restrained Garcia against her will/consent and then confined Garcia against her will/consent in her cabin.

> 44. Garcia was aware of the restraint and confinement in her cabin.

> 45. Garcia was physically restrained by seven (7) crew members, placed in handcuffs and dragged to her cabin. A guard was stationed outside Garcia's cabin all night to prevent her from leaving her cabin.

Compl., at 8. Garcia's Complaint does not allege any facts that would indicate Defendant's

confinement of her violated any constitutional, statutory, or common law right, or was otherwise

"unlawful." Furthermore, the Complaint is devoid of any factual allegations that would allow

this Court to "infer more than the mere possibility" that Defendant's confinement of Garcia

violated any provisions of the ticket contract or any other contractual right. Consequently, the

Complaint does not contain enough facts to indicate the presence of the required elements for

False Imprisonment, and Count IV is dismissed without prejudice.

C. Intentional Infliction of Emotional Distress

Count VI of Garcia's Complaint is for Intentional Infliction of Emotional Distress ("IIED"). A claim for IIED consists of the following elements: "(1) the wrongdoer's conduct was intentional or reckless; . . . (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." Williams v. City of Minneola, 619 So. 2d 983, 986 (Fla. 5th Dist. Ct. App. 1993); see also Hart v. U.S., 894 F.2d 1539, 1548 (11th Cir. 1990) (citing Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985)). Whether conduct is sufficiently "outrageous" to state a claim for IIED is a question of law for the Court to decide. See Medina v. United Christian Evangelistic Ass'n, No. 08-22111-CV-Cooke, 2009 U.S. Dist. Lexis 19515, at *12 (S.D. Fla. Mar. 9, 2009); Ponton v. Scarfone, 468 So. 2d 1009, 1011 (Fla. 4th Dist. Ct. App. 1985).

Defendant argues that the conduct Garcia alleges is not sufficiently "outrageous" to sustain a claim for IIED. "While there is no exhaustive or concrete list of what constitutes outrageous conduct, Florida common law has evolved an extremely high standard. Merrick v. Radisson Hotels Int'l, Inc., 06-cv-01591-T-24TGW (SCB), 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007); see also McCarson, 467 So. 2d at 278–79 ("It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"). Taking Garcia's allegations as true,

7

Garcia has stated a claim for assault and battery against Defendant. Nothing contained in Garcia's Complaint is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." McCarson, 467 So. 2d at 278–79. Thus, this Court holds that the conduct Garcia alleges does not constitute the "outrageous" conduct necessary to sustain a claim for IIED.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 13) is GRANTED IN PART. Counts I, V, and VI of Plaintiff's Complaint are DISMISSED WITH PREJUDICE. Count IV of Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff has leave to file an Amended Complaint within ten (10) days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of March, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record