UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:11-cv-23373-KMM

GEMA GARCIA

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GEMA GARCIA, sues Defendant, CARNIVAL CORPORATION, and alleges:

1. This is an action is in excess of $75, 000, exclusive of costs and attorneys fees.

2. Plaintiff GEMA GARCIA ["Garcia"] is a citizen of the state of Florida

3. Defendant CARNIVAL CORPORATION ["Carnival"] is a Panamanian corporation.

4. This court has jurisdiction in this matter pursuant to 28 U.S.C. 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event that the court rules that this case does not come under diversity of citizenship jurisdiction, then Garcia elects to proceed under the admiralty jurisdiction of the court.

5. At all times material hereto, Carnival was authorized to transact business and maintains an office in Miami-Dade County, Florida.

6. At all time material hereto, Defendant personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial and not isolated business activity within this state.

   c. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. The causes of action in this complaint arise under the general maritime law of the United States.

8. Venue is proper because Garcia's passenger ticket requires that suit be filed in federal court Miami-Dade County, Florida.

9. At all times relevant to this action, Carnival was engaged in this business of providing to the public, for compensation, vacation cruises aboard its vessel, The Carnival Destiny ["the Destiny"].

10. At all times material to this action, the Destiny, was located in navigable and/or territorial waters.

11. At all times material to this action, Carnival owned, operated, managed, maintained and/or controlled the Destiny and its agents and/or employees.

12. On or about September 17, 2010, Garcia was a paying passenger onboard a cruise on the Destiny. A copy of her ticket and/or an exemplar ticket is in Carnival's possession.

13. On the above referenced date, Garcia had a disagreement with the bar tender in the casino. While she was standing near the bar in the casino, multiple Carnival

crew members/security guards approached her and some of them grabbed her. Garcia had a panic attack, which resulted in difficulty breathing and chest pains. Despite her requests for medical care, Defendant refused to provide medical care and instead used excessive force on her.

14. The Carnival crew members/security guards verbally, physically and emotionally abused Garcia.

15. The Carnival crew members/security guards used excessive force in removing Garcia from the casino area.

16. In the lobby area, the security guards continued to use excessive force on Garcia.

17. The Carnival crew members/security guards threw her to the floor multiple times causing Garcia to strike her head and knees.

18. The Carnival crew members/security guards struck and kicked Garcia.

19. The Carnival crew members/security guards handcuffed Garcia in a harmful manner and then drug her while handcuffed.

20. The Carnival crew members/security guards verbally abused and threatened Garcia.

21. The Carnival crew members/security guards forcefully took and broke Garcia's travel companion's camera to prevent her from documenting the events.

22. The Carnival crew members/security guards forcefully put Garcia in her cabin and refused to let her out until the next day. A Carnival crew member stood guard outside Garcia's cabin to ensure she did not leave her cabin.

23. The Carnival crew members/security guards refused to let Garcia go to the ship's infirmary for medical treatment.

24. As a result of the above described events, Garcia was physically and emotionally injured.

## COUNT I - ASSAULT

25. Garcia realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 24 as though alleged originally herein.

26. On or about the above referenced date, Defendant and/or its agents, servants, and/or employees overtly acted in the following manner:   intentional, unlawful offer of corporeal injury to Garcia by force and/or force unlawfully directed towards Garcia.  This was demonstrated by their threatening words as well as their conduct.

27.  These acts caused Garcia reasonable apprehension/fear of immediate battery and created a well-founded fear of imminent peril.

28.  Defendant and/or its agents, servants, and/or employees had the ability to cause Garcia harm.

29. As a result of the assault, the Garcia was injured about Garcia's body and extremities, suffered physical pain, emotional injuries, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Garcia's injuries, suffered physical handicap, lost wages and her working ability has been impaired.  The injuries are permanent or continuing in nature, and Garcia will suffer the losses and impairments in the future. In addition, Garcia lost the benefit of Garcia's vacation, cruise, and transportation costs.

WHEREFORE, Garcia demands judgment for actual and compensatory damages, as well as punitive and exemplary damages, prejudgment and post-judgment interest, costs, and attorneys' fees and for any other damages recoverable under the law against the Defendant and demands

trial by jury.

## COUNT II - BATTERY

30. Garcia realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 29 as though alleged originally herein.

31. On or about the above referenced date, Defendant and/or its agents, servants, and/or employees intentionally physically contacted Garcia in a harmful and offensive manner.

32. The referenced physical non-consensual contact was done with reckless disregard to the harm it caused Garcia.

34. As a result of the battery, the Garcia was injured about Garcia's body and extremities, suffered physical pain, emotional injuries, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Garcia's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Garcia will suffer the losses and impairments in the future. In addition, Garcia lost the benefit of Garcia's vacation, cruise, and transportation costs.

WHEREFORE, Garcia demands judgment for actual and compensatory damages, as well as punitive and exemplary damages, prejudgment and post-judgment interest, costs, and attorneys' fees and for any other damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT III - FALSE IMPRISONMENT

35. Garcia realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 34 as though alleged originally herein.

36. On or about the above referenced date, Defendant and/or its agents, servants, and/or

employees intentionally and unlawfully restrained Garcia against her will/consent and then confined Garcia against her will/consent in her cabin.

37. At all material times, Garcia was not showing signs of physical or mental conditions, or at-risk behavior to justify Defendant's intentional and unlawful restraint and confinement of Garcia against her will/consent in her cabin.

38. Garcia was physically restrained by multiple crew members, placed in handcuffs and dragged to her cabin. A guard was stationed outside Garcia's cabin all night to prevent her from leaving her cabin.

39. Garcia was aware of the restraint and confinement in her cabin.

40. At all material times of the restraint and confinement, Garcia experienced difficulty breathing, chest pains and others symptoms of a panic attack.  She requested medical care from the ship's physician for this condition.  Despite her multiple requests, she was not allowed to go to the medical infirmary to see the ship's physician.

41. The ship physician and the captain did not see Garcia the night/early morning of the incident.  Garcia was not physically restrained in the sole opinion of the Captain and/or the ship's physician.

42. As a result of the false imprisonment, the Garcia was injured about Garcia's body and extremities, suffered physical pain, emotional injuries, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Garcia's injuries, suffered physical handicap, lost wages and her working ability has been impaired.  The injuries are permanent or continuing in nature, and Garcia will suffer the losses and impairments in the future. In addition, Garcia lost the benefit of Garcia's vacation, cruise, and transportation costs.

WHEREFORE, Garcia demands judgment for actual and compensatory damages, as well as punitive and exemplary damages, prejudgment and post-judgment interest, costs, and attorneys' fees and for any other damages recoverable under the law against the Defendant and demands trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiff Garcia demands trial by jury on all issues so triable.

Respectfully submitted,

**MEISTER LAW, LLC**
44 West Flagler St., Suite 750
Miami, FL   33130
Tel. No: (305) 590-5570
Fax No.:(305) 675-3787
TonyaJMeister@aol.com

BY:s/Tonya J. Meister_____
   **TONYA J. MEISTER, ESQ.**
   **Florida Bar # 629243**
   Attorney for Plaintiff GEMA GARCIA

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some electronically Notices of Electronic Filing.

MEISTER LAW LLC
*Attorney for Plaintiff*
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, Florida  33130
Telephone:  (305) 590-5570
Fax: (305) 675-3787
E-mail:   TonyaJMeister@aol.com

By:     s/Tonya J. Meister
        TONYA J. MEISTER
        FLORIDA BAR NO.: 0629243

## SERVICE LIST
CASE NO. 11-23373 Moore/Torres

| | |
|---|---|
| Tonya J. Meister, Esq.<br>Meister Law, LLC<br>TonyaJMeister@aol.com<br>Courthouse Tower, Suite 750<br>44 W. Flagler St.<br>Miami, FL  33130<br>Phone: (305) 590-5570<br>Fax: (305) 675-3787<br>*Attorney for Plaintiff* | Noah Silverman, Esq.<br>nsilverman@fflegal.com<br>Jeff Foreman, Esq.<br>jforeman@fflegal.com<br>Adam D. Warden, Esq.<br>awarden@fflegal.com<br>Rachell Mitchell, Esq.<br>Rmitchell@fflegal.com<br>Foreman Friedman, PA<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 2300<br>Miami, Fl.<br>Tel.: (305) 358-6555<br>Fax:  (305) 374-9077<br>*Attorney for Defendant*<br>*Steiner Transocean, Ltd.* |