IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-23373-KMM

GEMA GARCIA,

    Plaintiff,

vs.

CARNIVAL CORP.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon Plaintiff's Motion for Reconsideration (ECF No. 39). Plaintiff motions this Court to reconsider its March 7, 2012 Order Granting In Part Defendant's Motion to Dismiss. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

### I. LEGAL STANDARD

The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously. Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

1

## II. ANALYSIS

Plaintiff motions this Court to reconsider its ruling dismissing with prejudice Plaintiff's Negligence and Negligent Infliction of Emotional Distress claims. First, Plaintiff argues that this Court incorrectly found that Plaintiff's Negligence claim contained only allegations relating to intentional torts. As this Court recognized, "Count I of Garcia's Complaint alleges Defendant was negligent for essentially two reasons: (1) Defendant committed intentional torts against Garcia . . . and (2) Defendant failed to prevent intentional torts against Garcia." March 7, 2012 Order, at 3 (ECF No. 35). Contrary to Plaintiff's assertion, this Court clearly recognized that Plaintiff alleged other grounds for Defendant's negligence. This Court, however, found that regardless of Plaintiff's pleading, any "negligence" Plaintiff alleged on behalf of Defendant was improper because, as this Court explained:

> [B]ecause the Defendant's employees are alleged to have committed the intentional torts at issue, as a common-carrier, Defendant is strictly liable. See Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 915–16 (11th Cir. 2004) ("Florida tort law imposes strict liability on cruise lines for crew member assaults on their passengers [and] that as to this issue Florida law is consistent with federal maritime tort law."). Consequently, Defendant cannot be found negligently liable for the commission of the same intentional tort for which Defendant is strictly liable. To hold otherwise in this instance would eviscerate any distinction between tort liability premised on negligence and tort liability premised on intentional tortious activity.

March 7, 2012 Order, at 4. Plaintiff has not highlighted any new evidence or directed this Court to any intervening change in controlling law. Consequently, this Court declines to reconsider its ruling dismissing with prejudice Plaintiff's negligence claim.

Plaintiff next argues that this Court should reconsider its ruling dismissing with prejudice Plaintiff's claim for Negligent Infliction of Emotional Distress ("NIED"). This Court dismissed with prejudice Plaintiff's claim for NIED for the same reasons it dismissed Plaintiff's claim for Negligence, and without underlying negligence, there can be no negligent infliction of emotional

distress.[1] As Plaintiff has not raised any of the three major grounds for justifying reconsideration, this Court declines to reconsider its ruling dismissing with prejudice Plaintiff's NIED claim.

## III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (ECF No. 39) is DENIED. It is further

ORDERED AND ADJUDGED that in light of this Court's March 7, 2012 Order granting Plaintiff leave to file an Amended Complaint, Plaintiff's Motion for Leave to Amend (ECF No. 27) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of March, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

[1] In the instant case, a claim for the intentional infliction of emotional distress ("IIED") is the proper cause of action. This Court, however, found as a matter of law that Plaintiff's claims were insufficiently "outrageous" to state a claim for IIED. March 7, 2012 Order, at 7–8.